# IN THE COURT OF APPEALS OF IOWA

No. 13-2003
Filed July 16, 2014

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**NICHOLAS PAUL AUGUSTINE,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Warren County, Gary G. Kimes, Judge.

Nicolas Augustine appeals the entry of his *Alford* guilty plea and the denial of his motion in arrest of judgment and request to withdraw the plea. **AFFIRMED.**

Patrick W. O'Bryan of O'Bryan Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Jean Pettinger, Assistant Attorney General, Stephanie Koltookian, Student Legal Intern, John Criswell, County Attorney, and Douglas A. Eichholz, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

Nicholas Augustine appeals following his *Alford* plea of guilty to intimidation with a dangerous weapon as a class "D" felony. Iowa Code § 708.6 (2011). He claims the plea was not knowingly and voluntarily made and there was not a factual basis to support the plea. He asserts the district court erred twice: first, by accepting such a plea, and second, by refusing the let him withdraw the plea. He asks us to set the plea aside and allow him to go to trial. We affirm.

**I. Factual and Procedural History**

On April 27, 2012, Augustine was outside his home when he saw a car approaching. The car was driven by a department of human services (DHS) employee visiting Augustine's home as part of her employment duties. Augustine, whose home had been robbed a few days prior, believed the car may have belonged to the robbers. He grabbed a shotgun from his shed and decided to confront the driver of the car. He was loading the weapon as he approached the car, and he yelled at the driver to stop. The driver saw Augustine and the shotgun and drove away. Augustine fired on the car as it departed, and then used his wife's van to chase the DHS employee. During the chase, Augustine called law enforcement ostensibly to report that he was in pursuit of someone he believed to be a burglar. The police instead apprehended Augustine.

The State charged Augustine with four offenses by trial information: attempt to commit murder, intimidation with a dangerous weapon as a class "C" felony, criminal mischief, and possession of marijuana. Before trial, the State

amended the trial information by dropping the attempted murder charge and adding a sentencing enhancement for the use of a dangerous weapon.

The State offered to drop the criminal mischief charge, the possession charge, and the sentencing enhancement if Augustine would plead guilty to a single count of intimidation with a dangerous weapon, amended to a lower "D" non-forcible felony classification. Augustine agreed to enter an *Alford* plea on advice from counsel. The district court accepted the plea on August 28, 2013. On November 22, Augustine filed a motion in arrest of judgment to withdraw his plea. The district court denied the motion on December 18 and sentenced Augustine to serve an indeterminate five-year term. Augustine now appeals both the acceptance of the plea and the denial of his motion in arrest of judgment.

**II. Scope and Standard of Review**

Insofar as Augustine's claim concerns the entry of his guilty plea, our review is for correction of errors at law. *State v. Tate*, 710 N.W.2d 237, 239 (Iowa 2006). Insofar as his claim concerns the denial of his request to withdraw the plea in his motion in arrest of judgment, we review for abuse of discretion. *State v. Speed*, 573 N.W.2d 594, 596 (Iowa 1998). "Abuse of discretion exists only where a defendant shows the trial court's sound discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.*

**III. Discussion**

*A. Knowing and Voluntary Plea.* Because a guilty plea also constitutes the waiver of several constitutional rights, the defendant must make the plea voluntarily and with "a full understanding of the consequences." *State v. Boone*,

298 N.W.2d 335, 337 (Iowa 1980). In an *Alford* plea, the defendant asserts his innocence but pleads guilty in recognition of a likelihood of a less favorable outcome at trial. *See North Carolina v. Alford*, 400 U.S. 25, 31–32 (1970); *Young v. Brewer*, 190 N.W.2d 434, 438 (Iowa 1971). In the context of an *Alford* plea, the standard is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Alford*, 400 U.S. at 31.

Augustine now asks us to find that his plea was not voluntary and intelligent because "he did not feel there was a great likelihood" that he would be convicted and that he "gained no real benefit" from the plea.[1] He notes that he feared his counsel was not prepared for trial and that he was on medication for depression at the time of the plea. However, Augustine's colloquy with the district court was sufficient to demonstrate that he understood precisely what rights he was waiving and what the consequences of his guilty plea would be. There is no evidence of compulsion to plead or of any confusion on Augustine's part. The district court did not err in accepting the *Alford* plea.

The district court also did not abuse its discretion in rejecting Augustine's request to withdraw his plea. Our supreme court has noted that a defendant cannot render his plea involuntary *post facto* simply because he has changed his mind. *See Speed*, 573 N.W.2d at 597–98. Augustine's testimony in support of his motion prior to sentencing failed to demonstrate that there was any confusion about the material function of the *Alford* plea, and Augustine admitted that the

---

[1] On appeal, Augustine does not dispute the adequacy of the colloquy at the plea hearing, and he raised none of these issues at the time the plea was entered.

"plea offer was really generous." The court's exercise of its discretion was reasonable and proper.

*B. Factual Basis.* Augustine asserts that the district court should not have accepted the plea because there was no factual basis to support his guilt of the offense to which he pleaded. For a district court to accept a guilty plea or an *Alford* plea, there must be a determination that there is a factual basis to support the charge, but the evidence need not establish guilt beyond a reasonable doubt. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013); *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

The charge of intimidation with a dangerous weapon as a "D" felony required the State to present a factual basis for two elements: (1) Augustine threatened to shoot a dangerous weapon at a vehicle occupied by a person; and (2) the circumstances of the threat gave rise to a reasonable expectation that the threat would be carried out. *See* Iowa Code § 708.6; *State v. Lane*, 743 N.W.2d 178, 184 (Iowa 2007). It is not contested that Augustine approached a car occupied by a DHS employee while yelling at the driver and loading a shotgun. Neither is it contested that he fired upon the car as it drove away. Augustine's only affirmative assertion as to the lack of a factual basis is that he "was not attempting to harm or intimidate" the driver. This claim is not relevant to the analysis of the statutory elements of the crime.

There was a sufficient factual basis for the district court to accept Augustine's *Alford* plea, and the court did not abuse its discretion in denying the motion to allow Augustine to withdraw the plea on that basis.

**IV. Conclusion**

Augustine's claim that his plea was not voluntary, knowing, and intelligent is not supported by the colloquy and sentencing transcripts in the record. His claim that there was no factual basis for the plea is contradicted by the clear and uncontroverted evidence. The district court properly accepted the plea and did not abuse its discretion in rejecting the motion in arrest of judgment to withdraw the plea.

**AFFIRMED.**