# IN THE COURT OF APPEALS OF IOWA

No. 15-1600
Filed April 19, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DAVID TYRONE JOINER,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

Defendant appeals his convictions for domestic abuse assault, possession of a firearm by a felon (habitual offender), and trafficking in stolen weapons (second offense). **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Heard by Danilson, C.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

David Joiner was convicted of domestic abuse assault, in violation of Iowa Code section 708.2A(2)(a) (2015), possession of a firearm by a felon (habitual offender), in violation of code section 724.26(1), and trafficking in stolen weapons (second offense), in violation of code section 234.16(A)(1)(b). In this appeal, he raises several challenges to his convictions, including claims of ineffective assistance of counsel and claims the district court erred in certain evidentiary rulings.

The matter was tried to a jury. The record reflects the following. In March 2015, Kashona Liddell and her friend Hannah Goralczyk went out for the evening. While they were out, Liddell received upsetting text messages from her live-in boyfriend, Joiner. Goralczyk drove Liddell home and escorted Liddell inside to "be safe." Joiner was in the bedroom. Joiner asked Goralczyk to leave. Out of concern for Liddell, Goralczyk remained in the home while Liddell and Joiner remained in the upstairs bedroom, which Liddell and Joiner shared, with the door closed. Goralczyk heard a loud argument and noises she believed sounded like a fight. Goralczyk called 911.

When the police arrived at the residence, they heard arguing. They found Joiner and Liddell in the upstairs bedroom. Liddell was crying and shaking. She had scratches with fresh blood on her neck and blood on her shirt. She said Joiner caused the injuries. The officers observed a shotgun behind the bedroom door. Liddell denied it was her gun. Subsequently, the officers confirmed the shotgun was stolen.

Joiner was arrested and charged with domestic abuse assault by strangulation causing injury, possession of a firearm by a felon, and trafficking in stolen weapons. The jury found Joiner guilty of domestic abuse assault (a lesser-included offense), possession of firearm by a felon, and trafficking in stolen weapons. Joiner was sentenced to thirty days in jail, with credit for time served, on the domestic-abuse-assault charge. Joiner was sentenced to an enhanced sentence of fifteen years on the firearm-possession charge, with a mandatory minimum of three years. He was sentenced to serve no more than ten years on the weapons-trafficking charge. The two sentences were to be served concurrently.

We first address Joiner's claims of ineffective assistance of counsel. We review claims of ineffective assistance of counsel de novo because such claims are grounded in the Sixth Amendment. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). To prove ineffective assistance of counsel, Joiner must show both that counsel breached an essential duty and that prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 692 (1984). A breach of an essential duty means the attorney's performance fell outside the normal range of competency. *See State v. Lane*, 743 N.W.2d 178, 183 (Iowa 2007). "[M]ore than mere improvident trial strategy, miscalculated tactics, mistake, carelessness or inexperience" must be shown. *State v. Cromer*, 765 N.W.2d 1, 8 (Iowa 2009) (citation omitted). To show prejudice, Joiner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Joiner contends his trial counsel was constitutionally ineffective in several respects. He contends his counsel should have objected to Goralczyk's testimony Liddell told her Joiner "always hit" Liddell. Joiner contends his counsel should have objected to an officer's testimony that Liddell told him Joiner caused her injuries. Joiner contends his counsel should have objected to Goralczyk's testimony Liddell told her Joiner "had a gun." Joiner contends his counsel should have objected to an officer's testimony that the owner of the shotgun told him the shotgun was stolen from her and the owner of the shotgun told him who was present when the shotgun was stolen. Joiner contends his counsel was ineffective in failing to object to the cross-examination of witness Kelli Krana because the government's cross-examination exceeded the scope of the direct examination. Joiner also contends his counsel should have objected to an officer's testimony that the officer "had knowledge of this address [Joiner's residence] and its occupants, so we went there to assist with the call." Joiner argues this was improper prior-bad-acts evidence and his counsel was ineffective for failing to object. Joiner also contends his counsel should have objected to the same officer's testimony regarding a photograph showing Joiner holding an unlit cigar. Joiner argues this evidence was prior-bad-acts evidence because the jury could have inferred the cigar was a "blunt" used to smoke marijuana. Finally, Joiner contends his counsel was ineffective for failing to object to the stock jury instruction on possession of a stolen firearm. The instruction required only that the jury find Joiner knowingly possessed a firearm and that the firearm was

stolen. Joiner contends the jury should have been instructed the State was required to prove Joiner knew the firearm was stolen.

We note that filing a claim for ineffective assistance of counsel on direct appeal is unnecessary to protect the defendant's right to seek relief. *See* Iowa Code § 814.7 ("The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes."). A party "may, but is not required to, raise an ineffective assistance claim on direct appeal . . . if the party has reasonable grounds to believe that the record is adequate to address the claim on direct appeal." Iowa Code § 814.7(2). Presenting an underdeveloped claim on direct appeal not only wastes the party's resources and judicial resources, it poses a litigation risk to the defendant, who may receive an adverse judgment on a potentially meritorious claim due to the presentation of a claim on an underdeveloped record. *See State v. Eaton*, No. 14-0789, 2014 WL 7367008, at *1 n.1 (Iowa Ct. App. Dec. 24, 2014).

The record on direct appeal is inadequate to resolve Joiner's claims of ineffective assistance of counsel. Claims related to counsel's failure to object to trial testimony are particularly inappropriate for resolution on direct appeal without further development of the record because trial counsel may have had strategic reasons for not objecting to certain testimony, e.g., a decision to not emphasize the challenged testimony. *See Clay*, 824 N.W.2d at 500–01 ("What we do not know is whether trial counsel's failure to object to these statements was a trial tactic or strategy. Did trial counsel think the defense would be stronger if the testimony came in as hearsay, rather than live? Until the record is developed as to trial counsel's state of mind, we cannot say whether trial

counsel's failure to object implicated trial tactics or strategy."). In addition, without further development of the record, we are also unable to determine whether trial counsel's decision was reasonable. *See id.* Under the circumstances, we think it prudent to preserve all of Joiner's claims of ineffective assistance of counsel for development of the record in postconviction-relief proceedings. At that stage, all of his claims can be resolved under the cumulative prejudice standard set forth in *Clay*. *See id.* (vacating court of appeals decision resolving a single claim of ineffective assistance of counsel and instead preserving all claims for postconviction-relief proceedings "because Iowa recognizes the cumulative effect of ineffective assistance of counsel claims when analyzing prejudice under *Strickland*").

We next address Joiner's claims of error related to certain evidentiary rulings. Joiner objects to two hearsay statements admitted over his trial counsel's objection. Both pieces of testimony concern statements the owner of the shotgun made to law enforcement officers regarding whether the shotgun was stolen. Our review is for the correction of errors at law. *See State v. Newell*, 710 N.W.2d 6, 18 (Iowa 2006). If an evidentiary error is nonconstitutional, the decision to admit the evidence is subject to harmless-error analysis. *See State v. Sullivan*, 679 N.W.2d 19, 29 (Iowa 2004). The court presumes prejudice and we will not reverse unless the record affirmatively establishes the contrary. *Id.* at 30. Error is harmless if the complaining party has not "been injuriously affected by the error" or has not "suffered a miscarriage of justice." *Id.* at 29 (citation omitted).

The record establishes the testimony was harmless under the circumstances. The contested testimony was cumulative of other evidence clearly establishing the shotgun was stolen. Specifically, law enforcement officers conducted a records check using the serial number on the weapon. The records check confirmed the weapon had been reported stolen. As a result, the admission of this evidence was harmless error.

For the foregoing reasons, we affirm the defendant's convictions.

**AFFIRMED.**