**IN THE COURT OF APPEALS OF IOWA**

No. 18-2011
Filed October 9, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JORDAN DEAN GUSTAFSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.

A defendant appeals his stalking conviction. **AFFIRMED.**

Gary Dickey of Dickey & Campbell Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Jordan Gustafson appeals his conviction for stalking in violation of Iowa Code section 708.11 (2018). He claims the evidence does not prove beyond a reasonable doubt he "purposefully engaged in a course of conduct" within the meaning of the stalking statute, one of the incidents did not imply a threat of harm, and the felony enhancement should not apply to his conviction. Because substantial evidence supports the conviction, we affirm the district court's ruling.

## I.      Scope & Standard of Review

We review insufficient-evidence claims for errors at law. *State v. Evans*, 671 N.W.2d 720, 724 (Iowa 2003). "The trial court's findings of guilt are binding on appeal if supported by substantial evidence." *State v. Lane*, 743 N.W.2d 178, 181 (Iowa 2007). Substantial evidence exists if a rational fact-finder could find the defendant guilty beyond a reasonable doubt. *Evans*, 671 N.W.2d at 724. "[W]e review the record evidence in the light most favorable to the State." *State v. Dalton*, 674 N.W.2d 111, 116 (Iowa 2004) (citation omitted). "To the extent the issue involves the interpretation of a statute, this court reviews for correction of errors at law." *State v. Lindell*, 828 N.W.2d 1, 4 (Iowa 2013).

## II.      Background Facts & Proceedings

Jordan is the son of Ronald Gustafson. Jordan is thirty-four years old, a heavy drinker, and has mental-health issues. Jordan has exhibited anger and behavioral problems since he was a child and has destroyed walls and furniture in his and Ronald's homes several times over the years. He is an experienced mixed-martial-arts fighter. Ronald has paid Jordan's legal fees relating to physical altercations Jordan has had in the past.

Around September 2017, Jordan moved in with Ronald and refused to move back out. Some nights, Ronald would wake up to find Jordan standing over him, making verbal threats while clenching his fists and glaring.[1] Several times, Jordan "squared up" to fight, standing inches in front of Ronald while yelling at him. On multiple occasions, Ronald left the house and stayed at a hotel because he was afraid of Jordan.

On January 6, 2018, Ronald was in his vehicle in the house driveway when Jordan opened the car door, tried to take Ronald's cell phone, and grabbed the keys from the ignition. Jordan then got a knife with a three- or four- inch blade and threatened to slash the vehicle's tires. Ronald went to the neighbors' house and called the police. On January 9, Ronald obtained a protective order against Jordan, including requiring him to move out of Ronald's house.

Just after 1:00 a.m. on April 24, Jordan kicked in a door and broke into Ronald's home. Jordan stood in the doorway to Ronald's bedroom holding a butcher knife and said he would not hurt Ronald, but he was going to kill himself and make Ronald watch. Ronald feared for his life, ran through another room, out of the house to a neighbor's house, and called 911. When police arrived, Jordan had self-inflicted knife marks on his neck.

On August 6 and 7, the matter was tried to the bench. The court found Jordan guilty of stalking Ronald in violation of Iowa Code section 708.11(2) with the enhancement applied for "stalking while in possession of a dangerous

---

[1] Jordan's testimony differed significantly from Ronald's. The district court found Ronald to be more credible and was convinced of Ronald's fear of Jordan. "[W]e defer to the fact finder's determinations concerning witness credibility." *State v. Wells*, 629 N.W.2d 346, 356 (Iowa 2001).

weapon," elevating the offense to a class "D" felony.  The court imposed a suspended prison sentence, ordered probation at Fort Des Moines, and extended the no-contact order.  Jordan appeals.

### III.    Analysis

> A person commits stalking when all of the following occur:
> (a) The person purposefully engages in a course of conduct directed at a specific person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened or to fear that the person intends to cause bodily injury to, or the death of, that specific person or a member of the specific person's immediate family.
> (b) The person has knowledge or should have knowledge that a reasonable person would feel terrorized, frightened, intimidated, or threatened or fear that the person intends to cause bodily injury to, or the death of, that specific person or a member of the specific person's immediate family by the course of conduct.

Iowa Code § 708.11(2).

The stalking statute requires that a person engage in one of the following courses of conduct to commit the offense:

> repeatedly maintaining a visual or physical proximity to a person without legitimate purpose, repeatedly utilizing a technological device to locate, listen to, or watch a person without a legitimate purpose, or repeatedly conveying oral or written threats, threats implied by conduct, or a combination thereof, directed at or toward a person.

*Id.* § 708.11(1)(b).  The term "'[r]epeatedly' means on two or more occasions." *Id.* § 708.11(1)(d).

Jordan claims that he did not intend a course of conduct and that the various incidents in which he threatened his father were isolated assaults.  He argues "multiple, unrelated acts of intimidation" are insufficient to prove a person "purposefully engages in a course of conduct," as required under section 708.11(2)(a).  Jordan maintains that because the district court did not find the

episodes were related or that he intended to engage in a course of conduct, there is insufficient evidence to sustain the conviction.

Our supreme court has found stalking to be a general-intent crime. *State v. Neuzil*, 589 N.W.2d 708, 711–12 (Iowa 1999) ("In the absence of . . . express terminology, we presume the legislature intended to criminalize the proscribed act itself, without further proof related to the defendants subjective desires."). "The statute's focus is not on the defendant's mental state but on the result defendant's purposeful acts cause in a reasonable person." *Id.* at 711. The "purposefully engages" language requires the fact finder to disregard inadvertent encounters between the parties. *See, e.g.*, *State v. Dryml*, No. 00-1147, 2001 WL 804029, at *3 (Iowa Ct. App. July 18, 2001) (noting an inadvertent encounter did not alone establish a qualifying incident of proximity).

"Stalking is a cumulative offense . . . ." *Lindell*, 828 N.W.2d at 7. We reject Jordan's contention that committing multiple fear-inducing acts directed at a single target is not sufficient to establish the requisite intent. The statute was designed to protect stalking victims, and multiple acts of intimidation performed over time by a single offender and directed at a single person is exactly the sort of conduct the statute targets. *See id.* Viewing the record in the light most favorable to the State, a rational trier of fact could find Jordan repeatedly and purposefully engaged in conduct directed at Ronald that he should have known would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened.

Jordan's second claim is that the evidence does not show his suicide attempt was an implied threat to Ronald and would not qualify as a stalking episode. The district court found Jordan's breaking into Ronald's house in the

middle of the night and holding a large knife while in Ronald's bedroom door—all in violation of a no-contact order—"would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened and to fear that Jordan might cause bodily injury."  While it is true that Jordan was verbally threatening to kill himself, Jordan's actual conduct would cause a reasonable person to fear or feel intimidated or terrorized, and Jordan should have known his conduct would result in fear and intimidation.  We find Jordan's actions during the April 24 episode fall within the category of a threat and constitutes a stalking incident.

Finally, Jordan claims his predicate conduct did not fall within the requirements to apply the felony-alternative under Iowa Code section 708.11(3)(b). The district court found the State proved beyond a reasonable doubt Jordan was in possession of a dangerous weapon during two of the predicate incidents and applied the statutory "D" felony enhancement.  *See* Iowa Code § 708.11(3)(b)(2). We have already determined the April 24 incident counted as a stalking episode, and the butcher knife used is a per se dangerous weapon under Iowa Code section 702.7.  We accept the district court's factual determination that Jordan's manner of using a shorter knife during the January 6 episode falls within the statutory definition of "dangerous weapon."  Therefore, substantial evidence supports the district court's finding the "dangerous weapon" felony enhancement applied.

Because substantial evidence supports Jordan's conviction, we affirm the district court's ruling.

**AFFIRMED.**