# IN THE COURT OF APPEALS OF IOWA

No. 19-2112
Filed January 21, 2021

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**JAMES PAUL VANDERMARK,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.


　　　James Vandermark appeals his conviction for willful injury causing bodily injury and his combined sentence. **AFFIRMED.**



　　　Daniel M. Northfield, Urbandale, for appellant.

　　　Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.



　　　Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**BOWER, Chief Judge.**

James Vandermark appeals the denial of his motion for a new trial and motion for judgment of acquittal relating to case number SRCR326685 and the combined sentences for SRCR326685, SRCR327909, and AGCR329728. We conclude the district court did not err in allowing an amendment to the trial information or abuse its discretion in denying a motion to continue. The jury's verdict is supported by substantial evidence, and the court was within its discretion in imposing consecutive sentences. We affirm.

## I. Background Facts & Proceedings

On April 10, 2019, Vandermark had a near-accident in a parking lot with E.R. E.R. has a child with one of Vandermark's acquaintances. Sometime later that evening, the acquaintance was waiting for an appointment in a hospital lobby with her children, E.R., and another person. Vandermark called the acquaintance and asked where she was. Vandermark then drove to the hospital where the group was waiting, entered the lobby, walked directly to his acquaintance's group, punched E.R. in the head multiple times, and then left. The strikes caused a black eye and other sore spots on the E.R.'s head. Vandermark was in the lobby for less than thirty seconds.

On April 18, Vandermark was arrested for assault causing bodily injury, a serious misdemeanor, in violation of Iowa Code section 708.2(2) (2019), resulting in a trial information being filed in late May (SRCR326685). Following additional incidents in May and July with other persons, Vandermark was charged with a second assault causing bodily injury (SRCR327909) and two counts of harassment in the first degree (AGCR329728).

On September 25, the State filed a motion to amend the trial information related to the first assault to change the charged offense to willful injury causing bodily injury, in violation of Iowa Code section 708.4(2), a class "D" felony. The State also filed a notice it would seek a habitual-offender enhancement in the case. Vandermark resisted.

On October 2, just before trial, the court granted the motion to amend the charge, finding, "The Defendant's original charge and amended charge both fall under the 708 assault chapter in the Iowa Code, the elements are substantially similar, and the time, date, and place surrounding the allegations have not changed." The court also denied Vandermark's oral motion to continue the trial.

The jury trial occurred on October 2 and 3. At the close of the State's evidence, Vandermark moved for judgment of acquittal, asserting the State failed to present sufficient evidence to support a guilty verdict. The motion was denied. The jury found Vandermark guilty of willful injury causing bodily injury. After the jury returned its verdict, Vandermark waived a second trial on the habitual-offender enhancement and admitted his prior convictions in a colloquy with the court.

Vandermark filed a motion for new trial and a motion in arrest of judgment based on the amended trial information and denial of his motion to continue. The court reiterated its reasoning from the pretrial colloquy and denied the motions at sentencing.

On October 29, a jury found Vandermark guilty of assault causing bodily injury in the later-filed assault charge. On November 20, Vandermark pleaded guilty to one count of first-degree harassment.[1]

On November 22, the court sentenced Vandermark in all three cases. The statutory sentence was imposed in each case—an indeterminate prison sentence of fifteen years with a three-year mandatory minimum for willful injury causing bodily injury with the habitual-offender enhancement, one year for assault causing bodily injury, and two years for harassment. The court ordered the assault sentence to run consecutive to the willful-injury sentence and the harassment sentence to run concurrent with the willful-injury sentence, for a total of sixteen years.

Vandermark appeals his conviction for willful injury causing bodily injury and his sentences.

## II. Analysis

Vandermark asserts three challenges against his willful-injury conviction. First, he claims he is entitled to a new trial because the court abused its discretion in allowing the late amendment to the trial information with a more serious charge, asserting prejudice. Second, he claims entitlement to a new trial because the court abused its discretion in denying his motion to continue after the trial information was amended. Third, he claims there was insufficient evidence of his intent to inflict serious injury, which is a required finding for the offense. Vandermark also challenges the sentences imposed.

---

[1] The remaining harassment charge was dismissed.

**A. Motion for new trial.** "Our review of a district court ruling on a motion for a new trial depends on the grounds raised in the motion." *State v. Lopez*, 633 N.W.2d 774, 781 (Iowa 2001). "To the extent the motion is based on discretionary grounds, we review it for an abuse of discretion. But if the motion is based on a legal question, our review is on error." *Id.* at 781–82 (citation omitted).

Vandermark makes two challenges to the court's denial of his motion for new trial: (1) the district court should have denied the amendment to the trial information and (2) the court should have granted his request for continuance.

*1. Amendment to trial information.* Iowa Rule of Criminal Procedure 2.4(8) governs the amendment of a trial information or indictment.

> a. *Generally.* The court may, on motion of the state, either before or during the trial, order the indictment amended so as to correct errors or omissions in matters of form or substance. Amendment is not allowed if substantial rights of the defendant are prejudiced by the amendment, or if a wholly new and different offense is charged.
>
> . . . .
>
> d. *Continuance.* When an application for amendment is sustained, no continuance or delay in trial shall be granted because of such amendment unless it appears that defendant should have additional time to prepare because of such amendment.

Iowa R. Crim. P. 2.4(8). Before the trial information can be amended, the court must determine if (1) "the amendment prejudices substantial rights of the defendant *or* [(2)] the amendment charges a wholly new or different offense." *State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997). If it does either, the court must not allow the amendment. *Id.* For this analysis, our review is for correction of errors at law. *Id.*

Vandermark argues willful injury is "a wholly new and different offense" from assault because of the difference in punishment and the additional intent element.

He claims the additional incarceration faced due to the habitual-offender enhancement prejudiced his substantial rights.

In determining if a charge is a "wholly new or different offense," the court considers if the violation is the same "base prohibition," involving the same elements, refers to "the same times, dates, and places of the alleged offenses," and whether "[t]he State's theory of the offenses and the defenses would be identical under each." *State v. Brisco*, 816 N.W.2d 415, 418–19 (Iowa Ct. App. 2012); *see also State v. Ruiz*, No. 18-1260, 2019 WL 3729562, at *1 (Iowa Ct. App. Aug. 7, 2019) (finding no abuse of discretion if the court had allowed the amendment of one count where "[t]he statute charged remained the same; the witnesses remained the same; [and] the originally filed minutes of testimony supported the amended charges").

Iowa case law is clear that assault under section 708.1 is a specific intent crime "[b]ecause the elements . . . include an act that is done to achieve the additional consequence of causing the victim pain, injury or offensive physical contact." *State v. Fountain*, 786 N.W.2d 260, 265 (Iowa 2010). The question presented here is whether "specific intent to cause serious injury" is different enough from the specific intent to cause an assault to qualify willful injury as a wholly new and different offense than assault causing bodily injury. We conclude in this case it is not.

The amended charge referenced the same time, date, place, and alleged actions, was within the same assault classification, did not involve additional witnesses, and was supported by the original minutes of testimony. The amended trial information did not charge a wholly new and different offense.

The only prejudice Vandermark alleges on appeal is the longer term of incarceration faced with the habitual-offender enhancement.

"An amendment prejudices the substantial rights of the defendant if it creates such surprise that the defendant would have to change trial strategy to meet the charge in the amended information." *Maghee*, 573 N.W.2d at 6. An amendment to add a habitual-offender enhancement can prejudice the defendant's substantial rights "if the defendant had no prior notice of the State's plan to amend and would have pled guilty had he or she known of that plan before trial." *State v. Brothern*, 832 N.W.2d 187, 196 (Iowa 2013) (examining a case where an amendment added the habitual-offender enhancement during trial).

The amendment here occurred a week before trial, and Vandermark was offered an opportunity to plead guilty without the enhancement before trial started. Vandermark was offered and also waived the opportunity to have a separate trial on the habitual-offender enhancement. On appeal, Vandermark does not assert any change in his trial strategy caused by the amendment. We discern no prejudice. The district court did not err in allowing the amendment.

*2. Motion to continue.* Next, Vandermark claims the district court's denial of his motion to continue after the trial information was amended entitles him to a new trial. Vandermark asked for a continuance to depose the victim about the injury sustained and possibly obtain expert witness testimony. He asserted "trial strategy is wholly different" when preparing for a felony charge with a habitual-offender enhancement as opposed to a serious misdemeanor.[2] Vandermark

---

[2] The reference to an expert witness was to explore whether the injuries actually inflicted qualified as "serious injury." The State agreed it would not seek to amend

further claims the State violated Iowa Rule of Criminal Procedure 2.19(3) by failing to provide notice of prosecution witnesses at least ten days before trial.

"We review the denial by the district court of a motion for continuance for an abuse of discretion." *State v. Artzer*, 609 N.W.2d 526, 529 (Iowa 2000).

In ruling on Vandermark's resistance to the amended trial information, the court specifically considered trial strategy, noting that Vandermark had pled "not guilty" to the assault and had not offered any affirmative defenses. The court also found the amended charge was not a wholly new and different offense. We agree, as explained above. We further note the additional evidence Vandermark sought as reason for the continuance had to do with the seriousness of the injury *actually sustained*, which is not necessary when the challenged portion of the charge only involves his own intent.

As to Vandermark's witness challenge, the new witness proposed by the State was a county clerk of court (or designee) whose testimony would relate to records supporting the habitual-offender enhancement. The enhancement would have been tried at a later date after the underlying trial, if at all, so it was not necessarily true Vandermark had less than ten days' notice. Vandermark conceded discovery of the clerk of court was not needed, and he ultimately waived trial on the enhancement

Under these circumstances, the court did not abuse its discretion in denying Vandermark's motion to continue.

---

the trial information after the evidence came in to request a "willful injury causing serious injury" charge.

**B. Sufficiency of the evidence.** Vandermark's challenge to the court's denial of his motion for acquittal alleges there was insufficient evidence to support a guilty verdict. Vandermark cites a lack of evidence of *actually inflicting* serious injury and states any finding by the jury that he intended to inflict serious injury is mere speculation or conjecture.

"We review sufficiency-of-evidence challenges for correction of errors at law." *State v. Lane*, 743 N.W.2d 178, 181 (Iowa 2007). We consider the evidence in the light most favorable to the State. *Id.*

Vandermark's first theory about the severity of the injury actually sustained is irrelevant. The evidence only needed to support a finding that a *bodily* injury occurred, not that a *serious* injury was inflicted. *See* Iowa Code § 708.4. Moreover, Vandermark did not contest the existence of a bodily injury and urged the jury to convict him of the original charge of assault causing bodily injury. Sufficient evidence supports the bodily injury element of the offense.

Vandermark next asserts only speculation or conjecture could result in a jury finding he intended to cause serious injury. He argues, "It was reasonable to infer from the evidence that Vandermark did not intend to inflict serious injury, because [the victim] testified that he was 'ok' and did not need medical attention." We disagree.

"Because it is difficult to prove intent by direct evidence, proof of intent usually consists of circumstantial evidence and the inferences that can be drawn from that evidence." *State v. Adams*, 554 N.W.2d 686, 692 (Iowa 1996). Viewing the evidence in the light most favorable to the State, including reasonable

inferences, we conclude there is substantial evidence from which the jury could find Vandermark intended to inflict serious injury upon the victim.

Vandermark called his acquaintance to get her location. He then drove to the hospital where the acquaintance and victim were waiting. He walked directly to the group and began punching the victim. Vandermark struck the victim multiple times with enough force to raise bruises within a short period of time. He then left, showing his purpose there was solely to strike the victim. Additionally, the victim testified that several months after the assault his nose still felt crooked. The jury could have reasonably inferred from these actions Vandermark intended to inflict a serious injury. Substantial evidence supports the jury's verdict, and the court did not abuse its discretion in denying Vandermark's motion for judgment of acquittal.

**C. Sentence challenge.** Vandermark also claims his combined sentences are "overly harsh," and that the court did not explain how consecutive sentences were rehabilitative when the fifteen-year habitual-offender enhancement had already been imposed. Here, the sentencing court ordered the second charged assault sentence to run consecutive to the first charge of willful injury with habitual-offender enhancement sentence and ordered the harassment sentence to run concurrently with the willful-injury sentence—for a total indeterminate term of sixteen years with a three-year mandatory minimum.

"We review the district court's sentence for an abuse of discretion." *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). "An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Id.* The court is required to state reasons for imposing a particular sentence on the record, including consecutive sentences. *Id.* "Although

the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *Id.* (citation omitted).

Here, the court considered Vandermark's long history of assaultive behavior and his violent and abusive upbringing. The three separate offenses he was being sentenced for were distinct from each other in time, victims, and location, and occurred within a four-month period. Vandermark had been arrested for the first willful-injury offense and was out on bond when he inflicted the second assault in May, and he had been officially charged in both assault cases before the first-degree harassment behavior occurred.

The court noted: "He's at that age where a grown man knows what he's doing, knows what his actions can cause, knows the implications of his actions, and understands the ramifications of his actions." The court decided to run the two-year sentence for harassment concurrently based on Vandermark's mental-health issues leading to violent reactions to people. When imposing the consecutive sentence for the assault conviction, the court stated its reasons as "the separate and serious nature of the violent offense" and the "protection of the community." The court described Vandermark's actions as "brutal, barbaric, and . . . not tolerated in a civilized society."

Under the facts of this case, the court was within its discretion in imposing the sentences. Vandermark's challenge is without merit.

**AFFIRMED.**